**26344-B**

NO. _____

Filed 5/11/2015 10:01:35 AM
Patricia Henderson
District Clerk
Taylor County, Texas
Kathy Conway

| | | |
|---|---|---|
| **RED ARMADILLO, LTD**<br>Plaintiff | § <br> § <br> § | **IN THE DISTRICT COURT** |
| **v.** | § <br> § <br> § | Taylor 104th District Court<br>_____ **JUDICIAL DISTRICT** |
| **THE HANOVER INSURANCE<br>COMPANY**<br>Defendants | § <br> § <br> § | **TAYLOR COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>
<u>**EXPEDIATED ACTION UNDER TRCP 169**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RED ARMADILLO, LTD (referred herein as "Plaintiff" or "Plaintiffs"), who files this,

its Original Petition and Requests for Disclosure, against THE HANOVER INSURANCE COMPANY

(individually referred to as "DEFENDANT INSURANCE COMPANY") (all Defendants collectively referred

herein as "Defendant" or "Defendants") and for cause of action would respectfully show the court as follows:

**I.**

<u>**Preliminary Information and Definitions:**</u>

1. Insured: RED ARMADILLO, LTD

Policy Number: OLD-2833876 (herein "Policy")

Claim Number: 1534881801 (herein "Claim" or "Claims")

Date of Loss: JUNE 12, 2014 (herein "Date of Loss")

Insured Property: 1630-1648 S HWY 35 I

ABILENE, TEXAS 79601

(herein "Property" or "Insured Property")

Insurer: THE HANOVER INSURANCE COMPANY

Attorney for service is: C T Corporation System, 1999 Bryan St, Ste 900,

Dallas, TX 75201-3136

**II.**



### Discovery Control Plan

2. Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## III.

### Parties

3. Plaintiff is a limited partnership whose principal office is in TAYLOR County, Texas.

4. DEFENDANT INSURANCE COMPANY is a "Foreign" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

## IV.

### Jurisdiction

5. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court and Plaintiff seeks only monetary relief less than $100,000 or less, including damages or any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

6. The Court has jurisdiction over Defendants because DEFENDANT INSURANCE COMPANY engages in the business of insurance in the State of Texas and the cause of action arises out of DEFENDANT INSURANCE COMPANY'S business activities in the State of Texas.

## IV.

### Venue

7. Venue is proper in TAYLOR COUNTY, Texas because the insurance contract was signed in TAYLOR COUNTY, Texas

## V.

### Facts

8.  PLAINTIFF was the owner of a policy issued by DEFENDANT INSURANCE COMPANY.

9.  DEFENDANT INSURANCE AGENT is an insurance agent who sold and maintained Plaintiff's insurance policies.

10. PLAINTIFF suffered damage to the insured property.

11. From the time of sale of her policy to date, DEFENDANT INSURANCE AGENT constantly assured PLAINTIFF that they were adequately insured even though a reasonable and prudent insurance agent would testify otherwise.

12. DEFENDANT INSURANCE COMPANY has given full written authorization to DEFENDANT INSURANCE AGENT in the sale of its products as it appointed it as an agent for DEFENDANT INSURANCE COMPANY as listed on the Texas Department of Insurance and the Policy in question.

13. Plaintiff submitted its claim to DEFENDANT INSURANCE COMPANY with above mentioned date of loss.

14. DEFENDANT INSURANCE COMPANY failed to properly adjust the claim and summarily denied the claim with obvious knowledge and evidence of a covered peril – to the extent that its own licensed agency admits that the covered loss should be paid for.

15. DEFENDANT INSURANCE COMPANY didn't pay Plaintiffs claim even though the policy provided coverage for losses such as those suffered.

16. DEFENDANT INSURANCE COMPANY failed to perform its contractual duty to adequately compensate the injured party under the terms of the policy.

17. DEFENDANT INSURANCE COMPANY failed and refused to pay the full proceeds of the policy although due demand was made for proceeds to be paid of the face amount of the policy and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff.  Such conduct

constitutes breach of the insurance contract between DEFENDANT INSURANCE COMPANY and Plaintiff.

18. DEFENDANT INSURANCE COMPANY misrepresented to Plaintiff that the insured person was not covered by such peril even though it was a covered occurrence. DEFENDANT INSURANCE AGENT and DEFENDANT INSURANCE AGENT misrepresented to Plaintiff that the insured person was covered by such peril although DEFENDANT INSURANCE COMPANY denied such coverage. Defendants conduct constitutes violations of the Texas Insurance Code.

19. DEFENDANT INSURANCE COMPANY failed to make an attempt to settle Plaintiff's claim in a fair manner although they were aware of their liability to Plaintiff under the policy. DEFENDANT INSURANCE COMPANY's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(2).

20. DEFENDANT INSURANCE COMPANY failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, DEFENDANT INSURANCE COMPANY failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, DEFENDANT INSURANCE COMPANY did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. DEFENDANT INSURANCE COMPANY's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(3).

21. DEFENDANT INSURANCE COMPANY failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from DEFENDANT INSURANCE COMPANY. DEFENDANT INSURANCE COMPANY's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541 060(4).

22. DEFENDANT INSURANCE COMPANY refused to fully compensate Plaintiff, under the terms of the policy, even though DEFENDANT INSURANCE COMPANY failed to conduct a reasonable investigation. Specifically, DEFENDANT INSURANCE COMPANY performed an outcome-oriented investigation of Plaintiffs claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs losses on the deceased insured. DEFENDANT INSURANCE COMPANY's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(7).

23. DEFENDANT INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claims. DEFENDANT INSURANCE COMPANY's conduct constitutes violations of the *Texas Prompt Payment of* Claims *Act.* TEX. INS. CODE § 542.055.

24. DEFENDANT INSURANCE COMPANY failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. DEFENDANT INSURANCE COMPANY's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.056.

25. DEFENDANT INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, DEFENDANT INSURANCE COMPANY has delayed full payment of Plaintiffs claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. DEFENDANT INSURANCE COMPANY's conduct constitutes a violation of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE § 542.055.

26. From and after the time Plaintiffs claims were presented to DEFENDANT INSURANCE COMPANY, the liability of DEFENDANT INSURANCE COMPANY to pay the full claims in accordance with the terms of the policy was reasonably clear. However, DEFENDANT INSURANCE COMPANY has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance

company would have relied on to deny the full payment. Furthermore, being fully aware that Plaintiff had a valid claim for policy benefits, DEFENDANT INSURANCE COMPANY canceled the policy in question. DEFENDANT INSURANCE COMPANY's conduct equates to breaches of the common law duty of good faith and fair dealing.

27. As a result of DEFENDANT INSURANCE COMPANY's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action. Plaintiff's attorney took this case on a contingency fee of forty-five percent. As a matter of law, Plaintiff is entitled to have DEFENDANT INSURANCE COMPANY pay for her attorney fees in such contingent manner.

28. Plaintiffs experience is not an isolated case. The acts and omissions DEFENDANT INSURANCE COMPANY committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of DEFENDANT INSURANCE COMPANY with regard to handling these types of claims. DEFENDANT INSURANCE COMPANY's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VI.

### Causes of Action:

29. Plaintiff incorporates Paragraphs 1 to 34 by reference.

### COUNT 1: AGAINST ALL DEFENDANTS

### Vicarious Liability

### A. Vicarious Liability – Apparent Agency

30. At the time of *the occurrence giving rise to suit*, DEFENDANT INSURANCE COMPANY had:

    a. Affirmatively held DEFENDANT INSURANCE AGENT out as having authority to act on DEFENDANT INSURANCE COMPANY'S behalf.

b. Knowingly permitted the appearance that DEFENDANT INSURANCE AGENT was authorized to act on DEFENDANT INSURANCE COMPANY'S behalf.

c. Acted with such a lack of ordinary care as to clothe DEFENDANT INSURANCE AGENT with the indicia of authority to act on DEFENDANT INSURANCE COMPANY'S behalf.

31. DEFENDANT INSURANCE COMPANY'S conduct caused plaintiff to reasonably believe that DEFENDANT INSURANCE AGENT had authority to act on DEFENDANT INSURANCE COMPANY'S behalf.

32. Plaintiff justifiably relied on DEFENDANT INSURANCE AGENT's authority to act on DEFENDANT INSURANCE COMPANY'S behalf.

### B. Vicarious Liability – Agency

33. At the time of the *occurrence giving rise to suit*, DEFENDANT INSURANCE COMPANY:

   a. Had intentionally granted DEFENDANT INSURANCE AGENT the authority to act on DEFENDANT INSURANCE COMPANY'S behalf.

   b. Had intentionally allowed Plaintiffs to believe that DEFENDANT INSURANCE AGENT had the authority to act on ALLSTATE'S behalf.

   c. Had, through lack of due care, allowed DEFENDANT INSURANCE AGENT to believe that actions taken on behalf of DEFENDANT INSURANCE COMPANY were authorized.

34. At the time of the *occurrence giving rise to suit*, DEFENDANT INSURANCE AGENT was acting within the scope of the authority granted by DEFENDANT INSURANCE COMPANY.

### COUNT 2: AGAINST DEFENDANT INSURANCE COMPANY

### Anticipatory Breach of Contract and Breach of Contract

35. DEFENDANT INSURANCE COMPANY'S conduct, as described above, constitutes a breach of the insurance contract made between DEFENDANT INSURANCE COMPANY and Plaintiff.

36. DEFENDANT INSURANCE COMPANY'S failure and refusal, as described above, to pay the adequate

compensation as is obligated to do under the terms of the policy in question and under the laws of the State

of Texas, constitutes material breaches of the insurance contract with Plaintiff. Furthermore, Plaintiff has

suffered damages in the form of actual damages, consequential damages and reasonable and necessary

attorney's fees for such violations of the Texas Insurance Code

37. DEFENDANT INSURANCE COMPANY'S conduct constitutes multiple violations of the *Texas Unfair*
*Compensation and Unfair Practices Act.* TEX. INS. CODE, Chapter 541. All violations under this article
are made actionable by TEX. INS. CODE § 541.151.

38. DEFENDANT INSURANCE COMPANY and DEFENDANT INSURANCE AGENT'S unfair practice,
as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue,
constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of
insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

39. DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described above, of failing to
attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though
DEFENDANT INSURANCE COMPANY'S liability under the policy was reasonably clear, constitutes
an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.
TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

40. DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described above, of failing to
promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts
or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of
competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §
541.051, § 541.060 and § 541.061.

41. DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described above, of failing
within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of

rights to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

42. DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described above, of refusing to pay Plaintiffs claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060, and § 541.061. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

43. DEFENDANT INSURANCE COMPANY'S conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE, Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

44. DEFENDANT INSURANCE COMPANY'S failure, as described above, to acknowledge receipt of Plaintiffs claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE § 542.055-542.060.

45. DEFENDANT INSURANCE COMPANY'S delay of payment of Plaintiffs claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claims. TEX. INS. CODE § 542.055-542.060.

## COUNT 3: AGAINST DEFENDANT INSURANCE COMPANY
### Breach of the Duty of Good Faith and Fair Dealing

46. DEFENDANT INSURANCE COMPANY'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.

47. DEFENDANT INSURANCE COMPANY'S failure, as described above, to adequately and reasonably

investigate and evaluate Plaintiff's claims, although at that time DEFENDANTAG knew or should have
known by the exercise of reasonable diligence that its liability was reasonably clear, as well as
DEFENDANT INSURANCE COMPANY having canceled Plaintiffs policy, constitutes a breach of the
duty of good faith and fair dealing.

### COUNT 4: AGAINST ALL DEFENDANTS

#### Deceptive Trade Practices & Unconscionable Conduct – Knowledge and Intent

48. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and
was a producing cause of Plaintiff's damages described therein by Texas Deceptive Trade Practices Act.

49. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive
Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff
also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act
pursuant to its tie-in provision.

50. At all times material hereto, Plaintiff was a consumer who purchased insurance products and services
from Defendants. Defendants have violated the Texas Deceptive Trade Practices Act in one or more of the
following manners:

   a. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of
   goods or services;

   b. Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses,
   benefits, or qualities which they do not have or that a person has a sponsorship, approval, status,
   affiliation, or connection which he does not;

   c. Advertising goods or services with intent not to sell them as advertised;

   d. Making false or misleading statements of fact concerning the reasons for, existence of, or amount
   of price reductions;

   e. Representing that an agreement confers or involves rights, remedies, or obligations which it does
   not have or involve, or which are prohibited by law;

f.  Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

g.  Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or

h.  Engaging in an unconscionable course of conduct.

### COUNT 5: AGAINST DEFENDANT INSURANCE COMPANY

#### Violations of Texas Prompt Payment of Claims Act

51. DEFENDANT INSURANCE COMPANY'S conduct, as described above, constitutes multiple violations of *Texas Prompt Payment of Claims Act*.

52. As described above, Plaintiff has a claim under an insurance policy, the insurer is liable for the claim and the insurer has failed to comply with the requirement of *Texas Prompt Payment of Claims Act*. TEX. INS. CODE § 542.051-542.061.

53. As described above, DEFENDANT INSURANCE COMPANY failed to perform one or more of the following duties not later than the 15th day (30th day if Defendant is a surplus lines insurer) after receipt of notice of at the claim:[1]

a.  Acknowledge the claim. DEFENDANT INSURANCE COMPANY failed to acknowledge receipt of the claim, including separate claims arising from the same incident. TEX. INS. CODE § 542.055(a)(1). See *Dunn v. Southern Farm Bur. Cas. Ins. Co.*, 991 S.W.2d 467, 472 (Tex. App.-Tyler 1999, pet. denied);

b.  Record the acknowledgement. DEFENDANT INSURANCE COMPANY failed to make a record of the date, means, and content of the acknowledgement. TEX. INS. CODE § 542.055(c);

c.  Commence the investigation. DEFENDANT INSURANCE COMPANY failed to make commence a reasonable investigation of the claim. TEX. INS. CODE § 542.055(a)(2); and/or

d.  Request information from the claimant. DEFENDANT INSURANCE COMPANY failed to request from the Plaintiff all items, statements and forms reasonably needed from Plaintiff. TEX. INS. CODE § 542.055(a)(3).

54. As described above, DEFENDANT INSURANCE COMPANY failed to perform one or more of the following duties after DEFENDANT INSURANCE COMPANY received all items, statements, and forms reasonable required by the Plaintiff:

a.  Accept of reject the claim. DEFENDANT INSURANCE COMPANY failed to notify Plaintiff by the 15th "business day" that DEFENDANT INSURANCE COMPANY either accepts or rejects the claim.[23] TEX. INS. CODE § 542.056(d);

b.  State reasons for any rejection. DEFENDANT INSURANCE COMPANY failed to notify Plaintiff of any reasons for denying such claim. TEX. INS. CODE § 542.056(c);

c.  Ask for more time and tell why it is needed. DEFENDANT INSURANCE COMPANY failed to notify Plaintiff it needed more time and the reasons for seeking more time. TEX. INS. CODE § 542.056(d);

d.  Pay the claim after accepting. DEFENDANT INSURANCE COMPANY failed to pay the claim within five "business days" or twenty days if DEFENDANT INSURANCE COMPANY is a surplus lines insurer. TEX. INS. CODE § 542.057(a),(c);

e.  Pay the claim after the claimant performs any condition. If DEFENDANT INSURANCE

---

[1] TEX. INS. CODE § 542.055(a)
[2] Defendant has not indicated it suspects arson thus allowing 30 days. TEX. INS. CODE § 542.056(b)
[3] Defendant has not sought a 45 day extension. TEX. INS. CODE § 542.056(d)

COMPANY sought a condition on Plaintiff, it did not pay such claim within five "business days" or twenty days if DEFENDANT INSURANCE COMPANY is a surplus lines insurer after such condition was satisfied. TEX. INS. CODE § 542.057(b); and/or

f.  Pay the claim within 60 days after receipt of information.  DEFENDANT INSURANCE COMPANY failed to pay the claim within 60 days after receiving the items requested from Plaintiff. TEX. INS. CODE § 542.058(a).

## COUNT 6: AGAINST DEFENDANT INSURANCE COMPANY

### Unfair Insurance Practices

55. DEFENDANT INSURANCE COMPANY's conduct, as described above, constitutes multiple violations of Unfair Insurance Practices.

56. DEFENDANT INSURANCE COMPANY engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[4]:

a.  misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

b.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim:

  i.  with respect to which the DEFENDANT INSURANCE COMPANY's liability has become reasonably clear; or

  ii.  a claim under one portion of the policy of the claim with respect to which the DEFENDANT INSURANCE COMPANY's liability has become reasonably clear in order to influence Plaintiff to settle an additional claim under another portion of the coverage, unless payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;

---

[4] TEX. INS. CODE § 541.060

    c.  failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in

relation to the facts or applicable law, for DEFENDANT INSURANCE COMPANY's denial of

the claim or for the offer of a compromise settlement of the claim;

    d.  failing within a reasonable time to:

        i.  affirm or deny coverage of a claim to Plaintiff;

        ii.  submit a reservation of rights to a Plaintiff;

    e.  refusing, failing, or unreasonably delaying an offer of settlement under first-party coverage on the

basis that other coverage may be available or that third parties are responsible for the damages

suffered, except as may be specifically provided in the policy;

    f.  undertaking to enforce a full and final release of a claim from a policyholder when only a partial

payment has been made, unless the payment is a compromise settlement of a doubtful or disputed

claim; and/or

    g.  requiring Plaintiff, as a condition of settling a claim, to produce Plaintiff's federal income tax

returns for examination or investigation.

57. DEFENDANT INSURANCE COMPANY engaged in one or more of the following settlement practices

with respect to a claim made by Plaintiff[6]:

    a.  misrepresentations and false advertising of policy contracts;

    b.  false information and advertising generally;

    c.  unfair discrimination;

    d.  rebates;

    e.  deceptive names, words, symbols, devises, and slogans; and/or

    f.  misrepresentation of the insurance policies;

58. DEFENDANT INSURANCE COMPANY engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[6]:

    a.  making an untrue statement of material fact;

    b.  failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

    c.  making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

    d.  making a material misstatement of law; and/or

    e.  failing to disclose a matter required by law to be disclosed, including failing to make disclosure in accordance with an other provision of the insurance code.

## COUNT 7: AGAINST ALL DEFENDANTS

### Negligent Misrepresentation

59. Defendants made a representation to the plaintiff in the course of the defendant's business or in a transaction in which the defendant had an interest. Defendants owed an independent duty arising when he knew plaintiff would rely on his representation and plaintiff relied on such representation. *Grant Thorton LLP v. Prospect High Income Fund,* 991 S.W.2d 787, 792 (Tex.2010).; *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests,* 991 S.W.2d 787, 792 (Tex.1999). Defendants made the representation in the course of a transaction in which defendants had an interest. Defendants made the representation for

---

[5] TEX. INS. CODE § 541.151
[6] TEX. INS. CODE § 541.061

the guidance of others. Defendants' representation was a misstatement of fact or opinion. Defendants did

not use reasonable care in obtaining or communicating the information. Defendants did not use

reasonable care. Plaintiff justifiably relied on defendants' representation when plaintiff purchased the

insurance policy. Defendants' misrepresentation proximately caused injury to plaintiff that resulted in the

following damages: actual damages, exemplary damages, interest, and court costs.

60. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

61. <u>Exemplary damages.</u> Plaintiff's injury resulted from defendant's gross negligence, which entitles

plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### <u>COUNT 8: AGAINST ALL DEFENDANTS:</u>

#### <u>Fraud</u>

62. In the alternative or in addition to other counts, defendants committed fraud. Defendants made a

representation to the plaintiff. The representation was material. The representation was false. When the

defendants made the representation, the defendants knew the representation was false, or made the

representation recklessly, as a positive assertion, and without knowledge of its truth. The defendants made

the representation with the intent that the plaintiff act on it. The plaintiff relied on the representation and

the representation caused the plaintiff injury.

### <u>COUNT 9: AGAINST ALL DEFENDANTS</u>

#### <u>Ongoing Conspiracy to Commit Illegal Acts</u>

63. Defendants are a member of a combination of two or more persons whose object was to accomplish the

stated illegal acts upon Plaintiff. Defendants, by and through their agents, reached a meeting of the minds

and acted in such a manner as to further the conspiracy by knowingly and with reckless disregard for the

Plaintiff in the course of handling of this subject claim made false statements, misrepresented material

facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual

damages resulting from the peril of said claim, and Plaintiff having relied upon such conduct has been

injured.

64. Defendant, by and through its agents, reached a meeting of the minds and acted in such a manner as to

further the conspiracy to commit stated illegal acts by knowingly and with reckless disregard for the

Plaintiff in the course of handling of this subject claim made false statements, misrepresented material

facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights,

duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such

conduct has been injured.

65. The conduct described was done intentionally and for the purpose of having Plaintiff rely on such

fraudulent conduct thereby causing Plaintiff to suffer injury.

## VII.

### Damages and Prayer

68.    WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendants and prays that

Defendants be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendants

the following:

a.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the

proximate and or producing causes of damages sustained by Plaintiff.

b.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount

of the policy benefits withheld, together with consequential damages and attorney's fees.

c.    For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is

entitled to actual damages, which includes the loss of the benefits that should have been paid

pursuant to the policy, including but not limited to direct and indirect consequential damages,

mental anguish, court costs and mandatory attorney's fees. See *Rosenblatt v. Freedom Life Ins. Co.*

*of Am.*, 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.] 2007, no

pet.) For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times

economic damages and three times mental anguish damages. See TEX. INS. CODE § 541.152

and TEX. BUS. & COM. CODE § 17.50.

d.     For noncompliance with *Texas Prompt Payment of Claims Act*, which is strict liability without any

good faith exceptions, Plaintiff is entitled to the amount of her claims, as well as eighteen (18)

percent interest on the total amount of the claim per annum post judgment interest, as allowed by

law, and for any other further relief, either at law or in equity, to which she may show here to be

justly entitled. See *Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty*, No. 05-00-01171-CV, 2001 Tex.

App. LEXIS 5493 (Tex. App.—TAYLOR Aug. 15, 2001, pet. denied) (unpublished). The formula

for calculating the interest penalty under this article is "I = P R T," where "I" is interest, "P" equals

the principal, "R" equals the rate of interest, and "T" equals time over which interest is to be

calculated. Thus, where the insurer tendered less than the face value of the policy, the penalty

should have been calculated until judgment was entered against the insurer. Tender of partial

payment of a claim does not reduce the penalty: the penalty is calculated based on the amount of

the "claim," not the difference between the claim and any partial payment that is made. See

*Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 106 S.W.3d 174, 183-84 (Tex.App.—Amarillo

2003, pet. denied). Also See *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 461

(5th Cir. 1997). Violations of Tex. Ins. Code § 542 are strict liability without any exception.

e.     For breach of the common law duty of good faith and fair dwelling, actual damages, direct and

indirect consequential damages, exemplary damages and mental anguish as to be determined by

the jury. See *Lee v. Safemate Life Ins. Co.*, 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex.

App.—El Paso 1987, writ dism'd). Exemplary damages are recoverable for a breach of duty of

good faith and fair dealing under the same principles allowing recovery of those damages in other

tort actions; mental anguish damages are recoverable for a breach of duty of good faith and fair

dealing under the same principles allowing recovery of those damages in other tort actions.

f.    For fraud, Plaintiff seeks damages for breach of contract. *Albin v. Isotron Corp.*, 421 S.W.2d 739,

744 (Tex. Civ. App.-Texarkana 1967, writ ref'd n.r.e). Upon a finding of actual fraud, Plaintiff

seeks exemplary damages as to be determined by the jury. TEX. CIV. PRAC. & REM. §

41.003(a)(1).

g.    For ongoing civil conspiracy, Plaintiff seeks joint and several damages to which the conspirators

caused Plaintiff along with exemplary damages as determined by the jury.

h.    Plaintiff seeks attorney fees at a contingent rate of forty-five percent as allowed by law. If attorney

fees must be quantified at an hourly rate, Plaintiff seeks attorney fees at $450 an hour. See

*Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex.

App.—Austin 1994, writ denied). Attorney's fees are awarded to a party as part of the damages

owed by an insurance company that violates this chapter, and it is appropriate to require the insurer

to pay a contingency fee, which may be greater than an hourly fee. The specter of large attorney's

fee awards may serve as additional incentive to the insurance company to respond promptly and

diligently to its insured's claims.

i.    Furthermore, the denial and/or wrongful delay to provide Plaintiff with insurance benefits by

Defendant was apparently part of a common plan, routine, scheme, and design calculated to deny

insurance benefits to policy holders. In order to punish Defendant and to set an example and

thereby prevent other policyholders from being treated in this manner, exemplary damages should

be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems

appropriate.

j.    For negligent misrepresentation, plaintiff is entitled to actual damages in the form of pecuniary

loss, exemplary damages, interest, and court costs. Pecuniary loss includes (1) the difference

between the value and (2) loss otherwise suffered as a consequence of plaintiff's reliance of the misrepresentation.

k.      Plaintiff seeks any other relief in equity or good conscience she is entitled to.

l.      Plaintiff seeks general relief.

## VIII.

## AFFIRMATIVE DEFENSES

69.     Contra Proferuntum.  DEFENDANT INSURANCE COMPANY's contract is unilateral and in the event of ambiguity must be held against the drafter.

## VIII.

## JURY DEMAND

70.     Plaintiff respectfully demands a trial by jury and will remit such fee.

## IX.

## PLAINTIFF MAKES 194 REQUESTS TO ALL DEFENDANTS

71.     In addition to the content subject to disclosure under Rule 194.2, Plaintiff requests disclosure of all documents, electronic information, and tangible items that the Defendants have in its possession, custody, or control and may use to support Defendants' claim or defense.

Respectfully Submitted,

DICK LAW FIRM, PLLC

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods
Houston, Texas 77092
(832) 207-2007 Office
(713) 498-7969 Cellular

(713) 893-6931 Facsimile
www.dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**