Filed 8/28/2015 4:05:18 PM
Patricia Henderson
District Clerk
Taylor County, Texas
Ashlee Stewart

CAUSE NO. 26344-B

| | | |
|---|---|---|
| RED ARMADILLO, LTD.<br>*Plaintiff* | § § § § | IN THE DISTRICT COURT OF |
| V. | § § § | 104TH JUDICIAL DISTRICT |
| THE HANOVER INSURANCE COMPANY<br>*Defendants* | § § § § § | TAYLOR COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, SPECIAL EXCEPTIONS AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, HANOVER INSURANCE COMPANY ("Defendant"), and file this, its Original Answer, Affirmative Defenses, Special Exceptions and Jury Demand to Plaintiff's Original Petition and for support thereof would respectfully show unto the Court the following:

## I.
## GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all of the material allegations contained in Plaintiff's Original Petition Expedited Action Under TRCP 169, and demands strict proof thereof as required by the laws of the State of Texas.

## II.
## AFFIRMATIVE DEFENSES

1. Further answering, Defendant asserts that Plaintiff's claims are barred, in whole or in part, because all conditions precedent to recovery, including appraisal, have not been performed or occurred.

PD.17879984.1



2. Further answering, Defendant asserts Plaintiff's damages, if any, are limited by the amount set forth in the Policy limitations and all other terms, exclusions, and limitations of the applicable Policy.

3. Further answering, Defendant asserts with respect to Plaintiff's claim for exemplary damages, any award of exemplary damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §41.002-41.009, including the increased burden of proof.

4. As to Plaintiff's claims alleging bad faith against Defendant, a *bona fide* controversy existed and continues to exist concerning the amount of the allegedly covered loss and Plaintiff's entitlement to insurance benefits under the Policy. The duty of good faith and fair dealing is not breached by the existence of a *bona fide* controversy.

5. Further answering, Defendant is not liable in whole or in part to Plaintiff for any damages Plaintiff may have suffered, which Defendant denies, because Defendant's actions or inactions were not a producing cause of damages, injury or loss suffered by Plaintiff.

6. Further answering, under Texas law, an insured has a duty to read an insurance policy and is charged with knowledge of its contents. Defendant asserts that any claim which is based upon an alleged misrepresentation, inducement, or reliance on a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of the insurance policy at issue.

7. Further answering, Defendant asserts there is no ambiguity in the contract as there is only one reasonable interpretation. *Am. Mfrs. Mut. Ins. Co. v. Schaefer,* 124 S.W.3d 154, 157

(Tex. 2003).

8. Further answering, if Plaintiff's alleged damages were the result of both covered and non-covered causes of loss, then the Plaintiff bears the burden of separating and proving the amount of damage resulting from a covered cause of loss. *Kelly v. Travelers Lloyds of Texas Ins. Co.*, 2007 WL 527911 (Tex.App.—Hous. [14th Dist.] 2007, no pet.).

9. Further answering, Defendant asserts Plaintiff had a contractual and common law duty to mitigate its damages, but it has failed to mitigate its damages as required.

10. Further answering, Defendant cannot be liable to Plaintiff for its claim of misrepresentation, because Plaintiff cannot show how it relied upon any statements even if they were erroneous. See *South Texas Nat.'l Bank of Laredo v. U.S. Fire Ins. Co.*, 640 F. Supp. 278, 280-81 (S.D. Tex., 1985) (citing *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694 (Tex. 1979)) (insured's claims based upon post-loss representations were not actionable because insured made no allegation that it did anything in reliance upon those representations or was injured by them in any way other than the injury that would normally occur when an insured is not promptly paid on its demand.)

### III.
### SPECIAL EXCEPTIONS

11. Defendant specially excepts to Plaintiff's Original Petition because it fails to specify a maximum amount of damages as required by T.R.C.P. 47(c). Discovery should be automatically stayed pursuant to T.R.C.P. 47 until Plaintiff complies with this requirement.

12. Defendant specially excepts to Plaintiff's Original Petition in its entirety because it fails to specify a maximum amount of exemplary damages as well.

13. Defendant specially excepts to Plaintiff's Original Petition at ¶48 and in general, that Defendant acted "knowingly" to support additional statutory damages because there are no

facts to support such allegation.

14. Defendant specially excepts to Plaintiff's Original Petition at ¶¶ 62 -65 for fraud and conspiracy, because Plaintiff fails to plead the factual basis for how any Defendant acted in collusion or in a conspiracy, and the basis for any fraud.

## IV.
## RIGHT TO AMEND

Pleading further and without waiving the foregoing, Defendant specifically reserves the right to amend this answer, as is its right under the Texas Rules of Civil Procedure.

## V.
## JURY DEMAND

Defendant hereby requests a trial by jury and tenders the jury fee.

## IV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant, HANOVER INSURANCE COMPANY, prays that after due proceedings judgment be rendered that Plaintiff take nothing, that the petition be dismissed with prejudice, and for all other relief to which they may be entitled in law or in equity, to which Defendant may show itself justly entitled.

- 5 -

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _____
Mark C. Dodart, TBN: 00792286
Peri H. Alkas, TBN: 00783536
Laura B. Englert; TBN: 24055135
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email: mark.dodart@phelps.com
    peri.alkas@phelps.com
    Laura.englert@phelps.com

**ATTORNEYS FOR DEFENDANT**

- 6 -

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing instrument has been served on all counsel of record by hand delivery, certified mail, return receipt requested, e-file notification, and/or facsimile on August 28, 2015.

| | |
|---|---|
| Eric Dick, L.L.M.<br>ATTORNEY AT LAW<br>DICK LAW FIRM, PLLC<br>3701 Brookwoods Drive<br>Houston, Texas 77092 | VIA E-FILE NOTIFICATION: ebdick@gmail.com<br>& VIA FACSIMILE: 713-893-6931 |

*/s/ P. Alkas*

Peri Alkas / Laura B. Englert