IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| RED ARMADILLO, LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:15-CV-165-P-BL |
| THE HANOVER INSURANCE COMPANY, | § § § § § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Red Armadillo, Ltd.'s and Defendant The Hanover Insurance Company's Agreed Motion to Abate (Doc. 9), filed November 24, 2015. Plaintiff filed this action in state court on May 11, 2015, and Defendant answered and removed to federal court on September 3, 2015. (Doc. 1). The Court then entered an order on October 14, 2015, requiring that Plaintiff's and Defendant's counsel confer at a mutually agreeable location on or before October 31, 2015, and that the parties then submit a joint proposed scheduling plan by November 13, 2015. (Doc. 6). On November 20, 2015, the Court entered an order for Plaintiff and Defendant to show cause for not following the Court's October 14th order. (Doc. 7).

On November 24, 2015, Defendant's counsel responded that the parties had entered the appraisal process, but that appraisal had reached an impasse. Consequently, the parties have agreed to mediation and to abate this case pending the outcome of the mediation. Defendant's counsel adds that it might be necessary for the Court to appoint an umpire for the appraisal process if mediation does not resolve this matter. (Doc. 8, p. 1). The parties did not estimate the time needed to complete the mediation and/or appraisal process, but they agree that conducting

1

"discovery on issues that are likely to be resolved at mediation" would be redundant. (Doc. 9, p. 2).

However, rather than abate the case, the Court will recommend that it be administratively closed. The Court must report all cases that have been pending for more than three years to the Administrative Office of the United States Courts. If a case is abated or indefinitely suspended, the time continues to accrue against the three years, whereas if it is administratively closed, the time is tolled and does not count towards the three-year period. Therefore, if the Court does not administratively close the case, the time spent on mediation and/or appraisal will be counted towards that three-year period despite no action in the case. For these reasons, the Court **RECOMMENDS** that this case be **ADMINISTRATIVELY CLOSED**. Nothing in this order shall be considered a recommendation of dismissal or disposition of this case, and, should further proceedings become necessary or desirable, any party or the Court may initiate such further proceedings.

In light of this decision, the Court **VACATES** its October 14, 2015, Order Requiring Attorney Conference and Proposal for Contents of Scheduling and Discovery Order (Doc. 6).

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated November 25, 2015.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**